UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

       Plaintiff,                          Criminal No. 17-20456

v.                                          Honorable Linda V. Parker

AMOR FTOUHI,

       Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS ONE COUNT OF THE INDICTMENT**

---

Amor Ftouhi is currently charged with one count of violence at an international airport, in violation of 18 U.S.C. § 37(a)(1), and with one count of interference with airport security personnel, in violation of 49 U.S.C. § 46503. (Doc. No. 11, Indictment, PgID 16-17). Ftouhi has moved to dismiss one of the two counts claiming that the two offenses are multiplicitous and violate the Fifth Amendment's Double Jeopardy Clause. (Doc. No. 28, Motion to Dismiss One Count of the Indictment, PgID 113). The Court should deny his motion because the two counts charge separate offenses with different elements that require proof of different facts. Alternatively, the Court should allow the government to proceed to trial on the current indictment because Ftouhi's requested relief is premature.

## The Law

The Double Jeopardy Clause permits multiple punishments for the same *conduct*, but prohibits multiple punishments for the same *offense*. *See White v. Howes*, 586 F.3d 1025, 1027 (6th Cir. 2009).

When determining whether two statutory violations are the same offense, courts first look to "whether Congress intended to punish each statutory violation separately." *Pandelli v. United States*, 635 F.2d 533, 536 (6th Cir. 1980) (quoting *Jeffers v. United States*, 432 U.S. 137, 155 (1977)). Courts determine Congress's intent by examining "the statutory language and the legislative history," and by using other techniques of statutory construction. *Pandelli*, 635 F.2d at 536. If the legislative intent is not clear, courts employ the so-called *Blockburger* test to determine whether the two statutory violations have separate elements. *Id.* The *Blockburger* test specifically looks to see whether each statutory provision "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) provides that a multiplicity claim should be raised by pretrial motion. Courts, however, have discretion with regard to the remedy for multiplicity. Generally courts allow prosecution on multiplicitous counts, but merge them at sentencing. "[W]hen multiplicitous prosecutions and convictions occur, 'the only remedy consistent

with the congressional intent is for the district court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions.'" *United States v. Honeycutt*, 816 F.3d 362, 372 (6th Cir.) (reversed on other grounds, 137 S. Ct. 1626 (2017) (quoting *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990), and *Ball v. United States*, 470 U.S. 856, 859 (1985)). S*ee also United States v. Fisk*, 255 F. Supp. 2d 694, 703 (E.D. Mich. 2003)(permitting the government to proceed to trial on multiplicitous counts but requiring the government to elect between the counts before sentencing in the event of conviction).

## Discussion

**I.     Since the Legislative Intent as to Separate Punishments is not Expressed, the Court Should Apply the *Blockburger* Test.**

The statutory language of 18 U.S.C. § 37(a)(1) and 49 U.S.C. § 46503 does not explicitly indicate Congress's intent regarding separate punishments for violations of the two provisions. The legislative history is silent regarding separate punishments, although it does appear that the statutes were designed to address separate evils: section 37(a)(1) is concerned with acts of violence at international airports, whereas section 46503 is concerned with assaults upon airport security personnel.

Congress passed section 37 on September 13, 1994, as part of the Violent Crime Control and Law Enforcement Act of 1994, 103 Pub. L. No. 103-322, 108

Stat. 1796 (1994). The provision implemented a treaty, known as the Protocol for the Suppression of Unlawful Acts of Violence at Airports Serving International Civil Aviation, Feb. 24, 1988, T.I.A.S. 7570, 27 I.L.M. 627, 1988 WL 482066, which focuses on insuring that "the peoples of the world" have confidence in the safety of international airports. *Id.*

About two months after the September 11 terrorist attacks, Congress passed 49 U.S.C. § 46503 as part of the Aviation and Transportation Security Act, Pub. L. No. 107-71, § 114(a), 115 Stat. 597, 623 (Nov. 19, 2001). Among other things, the act created the Transportation Security Administration. Members of Congress intended the act to prevent attacks similar to the September 11 attacks. *See e.g.*, 147 Cong. Rec. S11974-02, S11978, 2001 WL 1452007.[1]

To the extent that the two statutes address different evils, separate punishments appear to be appropriate. *See e.g., United States v. Vartanian*, 245 F.3d 609, 616 (6th Cir. 2001). Congress's intent to create separate punishments,

---

[1] For example on November 16, 2001, prior to the bill's passage, Senator Hutchinson stated: "The bill before us today . . . is going to secure the people to every human extent possible against the kind of terrorist attack we saw on September 11 or other terrorist attacks that could be made in other ways." 147 Cong. Rec. S11974-02, 147 Cong. Rec. S11974-02, S11978, 2001 WL 1452007 (statement of Sen. Hutchinson). Likewise, Senator Cleland stated: "Ever since the tragic events of September 11, the American public has been crying out for tougher security to ensure that the horrifying events of two months ago will never again be repeated. This bill is our response to that call. *Id.* (statement of Sen. Cleland).

however, is not explicit. The Court should therefore apply the *Blockburger* test and examine the elements of the two offenses. As discussed below, both of the statutory violations require proof of facts that the other violation does not require.

**II.     The Elements of 18 U.S.C. § 37**

Section 37(a)(1) of Title 18 provides:

> (a) Offense.--A person who unlawfully and intentionally, using any device, substance, or weapon--
>
> (1) performs an act of violence against a person at an airport serving international civil aviation that causes or is likely to cause serious bodily injury (as defined in section 1365 of this title) or death; . . .
>
> if such an act endangers or is likely to endanger safety at that airport, or attempts or conspires to do such an act, shall be fined under this title, imprisoned not more than 20 years, or both…

Based on the plain language of the statute, the government must prove the following elements to convict Ftouhi under section 37(a)(1):

1. The defendant unlawfully and intentionally used a weapon to perform an act of violence against a person at an airport;
2. The airport served international civil aviation;
3. The act endangered or was likely to endanger safety at that airport; and,
4. The act caused or was likely to cause serious bodily injury or death.

### III. The Elements of 49 U.S.C. § 46503

Section 46503 of Title 49 provides:

> An individual in an area within a commercial service airport in the United States who, by assaulting a Federal, airport, or air carrier employee who has security duties within the airport, interferes with the performance of the duties of the employee or lessens the ability of the employee to perform those duties, shall be fined under title 18, imprisoned for not more than 10 years, or both. If the individual used a dangerous weapon in committing the assault or interference, the individual may be imprisoned for any term of years or life imprisonment.

Based on the plain language of the statute, the elements that the government must prove are as follows:

1. The defendant was in an area within a commercial service airport in the United States;

2. The defendant knowingly assaulted an airport employee who had security duties within the airport;

3. The assault lessened the ability of airport employee to perform his or her security duties; and,

4. The defendant used a dangerous weapon in committing the assault.

### IV. Under the *Blockburger* Test, the Crimes Charged are not Multiplicitous.

As noted above, the *Blockburger* test looks at whether each statutory provision "requires proof of a fact which the other does not." *Blockburger v.*

*United States*, 284 U.S. at 304. If each charge requires proof of a fact that the other does not, "then the charges accuse different crimes and are therefore not multiplicitous." *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017), *cert. denied*, 2018 WL 311453 (Jan. 8, 2018). Here, both statutes require proof of facts that the other statute does not and, therefore, the crimes charged are not multiplicitous.

Perhaps the most significant difference between a violation of section 37 and section 46503, is that section 46503 requires the victim be an airport employee who had security duties within the airport. Section 37 does not. For example, for a conviction under section 37, it would be sufficient if the act of violence had been directed at a passenger.

Another major difference is that to convict Ftouhi of Count One (18 U.S.C. § 37(a)(1)), the government must prove that Ftouhi's act of violence was likely to cause death or serious bodily injury. But the government could convict Ftouhi of Count Two (49 U.S.C. § 46503) without such evidence.

There are other differences as well. For example, to prove a violation of section 37, the government must show that the act of violence occurred in an airport that serves *international* civil aviation; section 46503 does not have this requirement. Section 46503 requires that an assault occur within a *commercial* service airport in the United States; section 37 does not. Section 37 also requires

that the act of violence endangered or was likely to endanger safety; section 46503 does not have this requirement. Since each offense charged requires proof of facts which the other does not, the charges are not multiplicitous.

Ftouhi's motion cites the Sixth Circuit's opinion in *United States v. Swafford,* 512 F.3d 833, 845 (6th Cir. 2008), but that case is distinguishable. In *Swafford*, a jury convicted the defendant of counts 3 through 21 for possession of a specific chemical used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6). The jury also convicted him of counts 22 through 40 for distribution of the same chemical, in violation of 21 U.S.C. § 841(c)(2). On appeal, the defendant argued that his possession and distribution counts were multiplicitous. The Sixth Circuit agreed, reasoning that under *Blockburger*, the possession counts were lesser-included offenses of the distribution charges, because "distribution [of the chemical] presupposes that the defendant possessed [the chemical] at some point." *United States v. Swafford*, 512 F.3d 833, 845 (6th Cir. 2008). Ftouhi's case differs from *Swafford*, because Count One and Two each have elements that differ from one another. Neither count is a lesser-included offense of the other, and they are certainly not the same offense.

Ftouhi argues that the Court should not only look to the elements, but also to the legal theory behind the government's case. (Doc. No. 28, D's Br. PgID 124). When a statute can be violated in alternative ways, courts should narrow the statute

8

"until it includes only the alternatives relevant to the case at hand." *Pandelli*, 635 F.2d at 538. In doing so, courts look to the "legal theory" that the government will use to prove the offenses, but should not "examine the facts in detail." *Id.*

Ftouhi stretches this and seems to argue that because his conduct falls within both section 37 and section 46503, this somehow violates the Double Jeopardy Clause. (Doc. No. 28, D's Br., PgID124-25). But the Double Jeopardy Clause is not concerned with whether the same *conduct* results in violations of separate offense. *Vartanian*, 245 F.3d at 616; *White v. Howes*, 586 F.3d at 1027. Similarly, "Using the same evidence to prove violations of two statutes does not violate *Blockburger*." *Swafford*, 512 F.3d at 844 (citing *United States v. Medina*, 992 F.2d 573, 588 (6th Cir.1993)).

In *United States v. Dixon*, 509 U.S. 688, 703 (1993) the Supreme Court held that courts should analyze Double Jeopardy claims using the *Blockburger* test only. The Supreme Court explicitly rejected the "same conduct" rule that Ftouhi seems to advocate. *Id.* at 703-12. This Court should too.

V.    **Ftouhi is not Entitled to Dismissal of a Count Before Trial.**

Lastly, the remedy that Ftouhi's motion seeks—dismissal of one of the two counts—is inappropriate at this juncture regardless of whether the counts are multiplicitous. Ftouhi has not shown that he would be prejudiced by having a trial

on both counts, and the general remedy for multiplicity is to merge convictions at sentencing. *See Throneburg*, 921 F.2d at 657.

## Conclusion

Because the government has alleged two separate offenses with different elements that require proof of different facts, the Court should deny the defendant's motion to dismiss one count of the indictment.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

Dated: February 8, 2018

s/JULES M. DePORRE
Assistant United States Attorney
600 Church Street
Flint, MI 48502
Phone: (810) 766-5026
Email: Jules.DePorre@usdoj.gov
P73999

s/CATHLEEN M. CORKEN
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9100
Email: Cathleen.Corken@usdoj.gov

s/CRAIG F. WININGER
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9100
Email: Craig.Wininger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2018, I filed or caused to be filed the foregoing document on the ECF system, which will send notice to counsel of record.

*s/Jules M. DePorre*
Assistant United States Attorney
