UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN



| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-cr-20456 |
| Plaintiff, | HON. LINDA V. PARKER |
| v. | VIOLATIONS:<br>18 U.S.C. § 37(a)(1)<br>49 U.S.C. § 46503 |
| AMOR M. FTOUHI, | 18 U.S.C. § 2332b(a)(1), (a)(2) |
| Defendant. | |

## FIRST SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

1. AMOR M. FTOUHI was a citizen and resident of Canada.

2. On or about June 16, 2017, AMOR M. FTOUHI entered the United States by automobile at the Champlain, New York port of entry for the purpose of killing government personnel in the United States.

3. Before entering the United States on or about June 16, 2017, AMOR M. FTOUHI, while in Canada, conducted online research of American gun laws

and for the closest U.S. state to his home in Montreal, Canada that would allow him to easily purchase a gun.

4. On or about March 21, 2017, AMOR M. FTOUHI, while in Canada, conducted an online search relating to Novi, Michigan, the location of a gun show in April, 2017.

5. On or about June 14, 2017, while in Canada, AMOR M. FTOUHI searched online for gun shows in Michigan.

6. Before entering the United States on June 16, 2017, and while in Canada, AMOR M. FTOUHI withdrew funds from a bank account for the purpose of purchasing a firearm in the United States.

7. On or about June 18, 2017, AMOR M. FTOUHI traveled to a gun show in Mount Clemens, Michigan and, when he was unsuccessful in purchasing a firearm, purchased a knife instead.

8. On or about June 19, 2017, AMOR M. FTOUHI searched online for information about Bishop International Airport, located in Flint, Michigan.

9. Bishop International Airport was a commercial airport serving international civil aviation.

10. On or about June 20, 2017, AMOR M. FTOUHI entered Bishop International Airport to observe police officers and airport security.

11. On or about June 21, 2017, AMOR M. FTOUHI entered Bishop International Airport, attacked airport police officer J.N. with a knife, and shouted, "Allahu akbar."

12. On or about June 21, 2017, AMOR M. FTOUHI stated to law enforcement that he was a soldier of Allah and subscribed to the ideology of Al Qaeda and Usama bin Laden.

## COUNT ONE
## VIOLENCE AT AN INTERNATIONAL AIRPORT
## (18 U.S.C. § 37(a)(1))

1. The General Allegations are incorporated and realleged by reference in this Count.

2. On or about June 21, 2017, in the Eastern District of Michigan, AMOR M. FTOUHI, unlawfully and intentionally used a weapon, specifically a knife, to perform an act of violence against J.N., a person at Bishop International Airport, an airport serving international civil aviation, that endangered and was likely to endanger safety at that airport and that caused and was likely to cause serious bodily injury, all in violation of Title 18, United States Code, Section 37(a)(1).

## COUNT TWO
## INTERFERENCE WITH AIRPORT SECURITY
## (49 U.S.C. § 46503)

1. The General Allegations are incorporated and realleged by reference in this Count.

2. On or about June 21, 2017, in the Eastern District of Michigan, AMOR M. FTOUHI, in an area within Bishop International Airport, a commercial service airport in the United States, while using a dangerous weapon, specifically a knife, knowingly assaulted J.N., an airport employee who had security duties within the airport, and such assault lessened the ability of the employee to perform those duties, all in violation of Title 49, United States Code, Section 46503.

## COUNT THREE
## COMMISSION OF AN ACT OF TERRORISM TRANSCENDING NATIONAL BOUNDARIES
## (18 U.S.C. §§ 2332b(a)(1), 2332b(a)(2), 2232b(c)(1)(A), 2332b(c)(1)(F))

1. The General Allegations are incorporated and realleged by reference in this Count.

2. In or about March, 2017, and continuing through on or about June 21, 2017, in the Eastern District of Michigan and elsewhere, and involving conduct transcending national boundaries, AMOR M. FTOUHI knowingly and intentionally attempted to kill J.N., a person within the United States, in violation of Michigan Compiled Laws Sections 750.316(1)(a) and (c), and a facility of

interstate and foreign commerce was used in furtherance of the offense, and the offense obstructed, delayed and affected interstate and foreign commerce, all in violation of Title 18, United States Code, Sections 2332b(a)(1) and 2332b(a)(2), 2232b(c)(1)(A), and 2332b(c)(1)(F).

## FORFEITURE ALLEGATIONS
(18 U.S.C. §§ 981(a)(1)(C) and (G), 28 U.S.C. § 2461)

1.  The above allegations contained in this Superseding Indictment are hereby incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture against defendant AMOR M. FTOUHI pursuant to 18 U.S.C. §§ 981(a)(1)(C), (G), 18 U.S.C. § 2332b(g)(5)(B), 28 U.S.C. § 2461, and 49 U.S.C. §§ 46304, 46305.

2.  As a result of the violations of 18 U.S.C. § 37(a)(1) and 18 U.S.C. § 2332b(A), as alleged in Counts One and Three, respectively, of the Superseding Indictment, defendant AMOR M. FTOUHI shall forfeit to the United States (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and (2) pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461, all assets foreign or domestic:

    i.  of the defendant, as he engaged in a Federal crime of terrorism as defined in section 2332b(g)(5);

    ii. acquired or maintained by defendant with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism as defined in section 2332b(g)(5) against the United States, citizens or residents of the United States, or their property;

    iii. derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism as defined in section 2332b(g)(5) against the United States, citizens or residents of the United States, or their property; or

    iv. of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism (as defined in section 2331) against any international organization (as defined in section 209 of the State Department Basic Authorities Act of 1956 (22 U.S.C. 4309(b)) or against any foreign Government.

3. Such property includes, but is not limited to, the following:

- 2008 Dodge Caravan, VIN: 2D8HN44H08R808315, Quebec (Canada) License Plate J70EJN, registered to AMOR M. FTOUHI;

- Jungle Hunter machete;

- Black "Amazon Jungle Survivor" knife with green handle;

- Tactical baton;

- Knife sheath;

- Kingston 16 GB micro SD card;

- Uniden dash camera, Model: CAM 500, Serial No. SD002063;

- Garmin Nuvi GPS System, Model: CAN310, 50 LM, Serial No. 2RU106705;

- Nexxtech micro SD adapter with 8 GB micro SD card;

- Apple 64 GB iPod, Model: A1367, Serial No. DJ6M0EVDCPC;

- BLU cell phone, Serial No. 1040018016137631;

- Thumb drive;

- Samsung tablet, Serial No. R52F603E11Y.

4. Such property further includes, without limitation, a forfeiture money judgment representing the total amount of proceeds and/or gross proceeds obtained as a result of Defendant's violations as charged in Counts 1 and 3 of this Superseding Indictment.

5. Pursuant 21 U.S.C. § 853(p), as incorporated by 18U.S.C. § 982(b), the defendant, AMOR M. FTOUHI, shall forfeit substitute property, up to the value of the properties described above or identified in any subsequent forfeiture bills of particular, if, by any act or omission of the defendant, the property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court;

has been substantially diminished in value; or has been commingled with other property that cannot be subdivided without difficulty.

**THIS IS A TRUE BILL.**

Dated: <u>March 21, 2018</u>     s/GRAND JURY FOREPERSON

MATTHEW SCHNEIDER
United States Attorney

s/JULES M. DePORRE
JULES M. DePORRE
Assistant United States Attorney

s/CATHLEEN M. CORKEN
CATHLEEN M. CORKEN
Assistant United States Attorney
Chief, National Security Unit

s/ANTHONY P. VANCE, AUSA
for CRAIG F. WININGER
Assistant United States Attorney

Companion Case information MUST be completed by AUSA and initialed.

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number  FILED<br>MAR 21 2018<br>U.S. DISTRICT COURT<br>FLINT, MICHIGAN |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☑ No | AUSA's Initials: JMD, CFW, CMC |

Case Title: USA v. AMOR M. FTOUHI

County where offense occurred : GENESEE

Check One:    ☑ Felony        ☐ Misdemeanor        ☐ Petty

____Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: _____]
_X_ Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 17-cr-20456            **Judge:** Linda V. Parker

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☑ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | 18 U.S.C. §§ 2332b(a)(1), 2332b(a)(2), 2232b(c)(1)(A), 2332b(c)(1)(F) | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

March 21, 2018
_____
Date

s/JULES M. DePORRE
_____
Jules M. DePorre
Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone: (810) 766-5177
Email: Jules.DePorre@usdoj.gov
P73999

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

03/11/2013