UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Criminal Case No. 17-20456
v.                                             Honorable Linda V. Parker

AMOR M. FTOUHI,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ONE COUNT OF THE INDICTMENT (ECF NO. 28)

On June 21, 2017, Defendant Amor M. Ftouhi approached an airport police officer at the Bishop International Airport and using a serrated knife stabbed the officer in the neck. (ECF No. 1 at Pg ID 3.) The victim officer and others were able to subdue and restrain Defendant, who was placed under arrest. (*Id.*) Defendant was indicted on July 5, 2017 with one count of committing an act of violence at an international airport in violation of 18 U.S.C. § 37(a)(1) and one count of interfering with airport security personnel in violation of 49 U.S.C. § 46503. (ECF No. 11.) Presently before the Court is Defendant's Motion to Dismiss One Count of the Indictment, filed January 17, 2018. (ECF No. 28.) The motion has been fully briefed. For the reasons stated below, the Court denies Defendant's motion.

## I. Factual and Procedural Background

On June 21, 2017, Defendant, carrying a red duffle bag and a dark satchel bag, entered Bishop International Airport in Flint, Michigan. (ECF No. 1 at Pg ID 4.) Walking up to a police officer, Defendant yelled "Allahu Akbar" and stabbed the officer with a large knife. (*Id.* at Pg ID 3.) As Defendant stabbed the officer, he exclaimed something to the effect of: "You have killed people in Syria, Iraq, and Afghanistan, and we are all going to die." (*Id.*) Defendant was subdued and arrested immediately after the incident. (*Id.*)

On July 5, 2017, Defendant was indicted for violence at an international airport in violation of 18 U.S.C. § 37(a)(1) and interference with airport security in violation of 49 U.S.C. § 46503. On January 18, 2018, Defendant filed the instant motion, arguing the two-count indictment is multiplicitous. (ECF No. 28.) The government filed a response on February 8, 2018, and Defendant filed a reply on February 22, 2018. (ECF Nos. 30 & 31.) The government filed a first superseding indictment for commission of an act of terrorism transcending national boundaries in violation of 18 U.S.C. §§ 2332b(a)(1), 2332b(a)(2), 2232b(c)(1)(A), and 2332b(c)(1)(F) on March 21, 2018. (ECF No. 32.) Defendant filed a supplemental brief on May 8, 2018. (ECF No. 36.)

### III. Applicable Law & Analysis

Defendant contends that charging him with committing an act of violence at an international airport and interfering with airport security violates the Fifth Amendment's Double Jeopardy Clause because the government will use the same theory to try both offenses.

The Fifth Amendment to the U.S. Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "Multiplicity is charging a single offense in more than one count in an indictment." *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008). "The [D]ouble [J]eopardy [C]lause has traditionally provided a bulwark against both multiple punishments as well as multiple prosecutions for the same offense." *United States v. Sinito*, 723 F.2d 1250, 1255 (6th Cir. 1983) (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977) and *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

First, the Court must determine whether Congress intended to punish each statutory violation separately. *See Jeffers v. United States*, 432 U.S. 137, 155 (1977). If the Congressional intent is unclear, courts apply the test enunciated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Blockburger* test focuses on whether, of the statutory provisions charged, each requires proof of a

3

fact that the other does not. *Id.* "Using the same evidence to prove violations of two statutes does not violate *Blockburger*." *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008). In determining if there is overlap, the Sixth Circuit has instructed the district court to go further and "look to the legal theory of the case on the elements of the specific criminal cause of action for which the Defendant was convicted without examining the facts in detail." *Pandelli v. United States*, 635 F.2d 533, 538 (6th Cir. 1980); *see also United States v. Whaley*, No. 3:10-CR-169, 2012 U.S. Dist. LEXIS 50123, at *67 (E.D. Tenn. Mar.5, 2012) ("However, 'when dealing with complex and overlapping statutes that define multiple ways that they may be violated and contain alternative elements[,]' the Court may use a modified version of the *Blockburger* test that compares only those elements of the statutes that conform to the government's theory of the case.") (citing *United States v. DeCarlo*, 434 F.3d 447, 454 (6th Cir. 2006)). Finally, the court has broad discretion in requiring the prosecution to elect between multiplicitous counts when the defendant would not be prejudiced or to merge the convictions at sentencing.

The parties agree that the Court should apply the test in *Blockburger* because the congressional intent regarding separate punishments is not explicitly indicated. (*See* ECF No. 30 at Pg ID 129; ECF No. 28 at Pg ID 116.)

18 U.S.C. § 37(a)(1) provides:

> (a) Offense. A person who unlawfully and intentionally, using any device, substance, or weapon--

4

> (1) performs an act of violence against a person at an airport serving international civil aviation that causes or is likely to cause serious bodily injury (as defined in section 1365 of this title [18 USCS § 1365]) or death; or . . .
>
> if such an act endangers or is likely to endanger safety at that airport, or attempts or conspires to do such an act, shall be fined under this title, imprisoned not more than 20 years, or both; and if the death of any person results from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life.

To convict Defendant under § 37(a)(1), the government must prove: (1) the defendant unlawfully and intentionally used a device, substance, or weapon; (2) to perform an act of violence against a person; (3) at an airport serving international civil aviation; (4) that caused or was likely to cause serious bodily injury; and (5) such act endangered or was likely to endanger the safety at the airport.

> 49 U.S.C. § 46503 provides:
>
> An individual in an area within a commercial service airport in the United States who, by assaulting a Federal, airport, or air carrier employee who has security duties within the airport, interferes with the performance of the duties of the employee or lessens the ability of the employee to perform those duties, shall be fined under title 18, imprisoned for not more than 10 years, or both. If the individual used a dangerous weapon in committing the assault or interference, the individual may be imprisoned for any term of years or life imprisonment.

To convict under § 46503, the government must prove: (1) the defendant was in an area within a commercial service airport in the United States; (2) the defendant

assaulted a Federal airport, or air carrier employee; (3) the Federal airport or air carrier employee had security duties within the airport; (4) the assault interfered with the performance of the duties of the employee or lessened the ability of the employee to perform those duties; and (5) Defendant used a dangerous weapon in committing the assault or interference.

Although the same conduct violates both statutes, what constitutes a violation of each statute differs. Section 37(a)(1) is violated when a defendant unlawfully and intentionally uses a device, weapon or substance to commit a violent act at an international airport, which caused or had the potential to cause serious bodily injury. Additionally, the act must endanger or likely endanger the safety at the airport. The most significant difference in the statutes is that the individual assaulted under § 46503 must be a Federal airport or air carrier employee, who performs security duties within the airport. Whereas, § 37(a) is violated if an act of violence is directed at any person. Finally, the assault must interfere with the employee's security duties.

The Court disagrees with Defendant that the conduct described in § 46503 is encompassed in § 37(a)(1). As stated above, the statute requires the government to prove different elements. It is of no consequence if the same conduct violated both statutes. Here, Defendant is charged with two distinct crimes: interference with airport security personnel and violence at an international airport.

6

In *Pandelli*, the United States Supreme Court instructed that district courts must "construct from the alternative elements within the statute the particular formulation that applies to the case at hand." *Pandelli*, 635 F.2d at 537. Applying the facts to the two statutes at issue, under § 37(a)(1), Defendant used a weapon to perform an act of violence against a person at an international airport. The act caused serious bodily injury and endangered or likely endangered the safety of the airport. Under § 46503, Defendant assaulted a Federal airport employee in a commercial airport with a dangerous weapon. The Federal airport employee had security duties and the assault either interfered with those duties or lessened the employee's ability to perform those duties. Ultimately, applying the modified *Blockburger* test and focusing on the government's legal theory, the two counts are not multiplicitous.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Dismiss (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED**.

                                                   s/ Linda V. Parker
                                                   LINDA V. PARKER
                                                   U.S. DISTRICT JUDGE

Dated: June 21, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 21, 2018, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury
                                                  Case Manager