UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                       Case No. 4:17-cr-20456
v.                                     Honorable Linda V. Parker

AMOR M. FTOUHI,

       Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE OF TRIAL [ECF NO. 43]**

### I.    Introduction

The defendant, Amor M. Ftouhi, pursuant to the Sixth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 21, has moved to transfer his trial to the Detroit courthouse with a jury panel chosen from the Detroit jury pool instead of the Flint jury pool, where his alleged offense occurred. Ftouhi asserts that pretrial publicity compels the Court to presume that the pool of prospective jurors in Flint is so prejudiced against him that a fair and impartial jury cannot be secured. For the reasons stated below, prejudice cannot be presumed in this case. Moreover, the Court has already granted the use of a juror questionnaire in addition to voir dire which will probe prospective jurors' exposure to any pretrial

1

publicity. Therefore, a change of venue is not warranted at this time. Accordingly, Defendant's motion is **DENIED** as to presumed prejudice.

## II. Applicable Standards

The Sixth Amendment affords a criminal defendant the right to a trial by an impartial jury. Moreover, the United States Constitution establishes that trials are to be held in the district where the offense occurred. *See* U.S. Const. amend. VI (observing that all criminal trials are to be conducted "by an impartial jury of the State and district wherein the crime shall have been committed"); U.S. Const., Art. III, § 2, cl. 3 ("The trial of all crimes ... shall be held in the State where the said crimes shall have been committed"). Federal Rule of Criminal Procedure 21 governs venue transfers in federal court. The rule instructs that:

> (a) For Prejudice. Upon the defendant's motion, the court *must* transfer the proceeding against that defendant to another court if the court is satisfied that *so great a prejudice against the defendant exists* in the transferring district that the defendant cannot obtain a fair and impartial trial there.

Fed. R. Crim. P. 21(a) (emphasis added).

The Supreme Court has drawn a distinction between presumed and actual prejudice from pretrial publicity. *See Murphy v. Florida*, 421 U.S. 794 (1975). Since Ftouhi has made no claim of actual prejudice, the Court will focus on whether presumptive prejudice can be applied to this case.

The Supreme Court has held that a presumption of prejudice is only applied to the "extreme case," where the trial atmosphere would be "utterly corrupted by press coverage." *United States v. Skilling*, 561 U.S. 358, 380-81 (2010) (quoting *Murphy v. Florida*, 521 U.S. 794, 798 (1975)). In evaluating juror prejudice, the *Skilling* court observed three relevant factors: (1) the size and characteristics of the community in which the crime occurred; (2) the nature and content of pretrial publicity; and (3) the passage of time between the publicity and the trial. *Id*. at 381-84. Furthermore, the *Skilling* court noted that juror questionnaires and voir dire were "well suited" to carefully identify and inspect the impact of pretrial publicity on prospective jurors. *Id*. at 384.

### III. Background

The government has charged Amor M. Ftouhi with three separate counts related to his alleged attack and stabbing of an airport police officer on June 21, 2017 at Flint Bishop International Airport: (1) Violence at an International Airport, 18 U.S.C. § 37(a)(1); (2) Interference with Airport Security, 49 U.S.C. § 46503; and (3) Commission of an Act of Terrorism Transcending National Boundaries, 18 U.S.C. §§ 2332b(a)(1), 2332b(a)(2), 2332b(c)(1)(A), 2332b(c)(1)(F). Currently, a jury trial is set to be held at the Flint courthouse in the Eastern District of Michigan on November 5, 2018. Ftouhi seeks a change of venue to the Detroit courthouse with jurors selected from the Detroit jury pool, asserting that pretrial publicity compels the Court to

3

presume that the pool of prospective jurors in Flint is so prejudiced against him that a fair and impartial jury cannot be secured.

## IV.     Analysis

In asserting his claim for presumptive prejudice, Ftouhi relies solely on the "great deal of publicity" in Genesee County, Michigan concerning his alleged offense and several local events honoring the victim, Jeffrey Neville, and other law enforcement that aided during the alleged attack at the airport. (R. 43, Def.'s Mot., PgID 193, 197-99). The Court will now turn to the Supreme Court's three-part test in *Skilling* to determine whether a presumption of prejudice should be applied under these circumstances. As previously noted, the three relevant factors are: (1) the size and characteristics of the community in which the crime occurred; (2) the nature and content of pretrial publicity; and (3) the passage of time between the publicity and the trial. *Skilling*, 561 U.S. at 381-84.

### A.     The Size and Characteristics of the Community

First, the size and characteristics of the community in which the crime occurred weigh against a finding of presumptive prejudice. Here, Ftouhi points out that the Flint jury pool is drawn from approximately 750,000 people. (R. 43, Def.'s Mot., PgID 196). Although Flint's jury pool is significantly smaller than that of Detroit, the Supreme Court has recognized that juror pools of over 600,000 individuals greatly reduce the likelihood of prejudice. *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1044 (1991) (plurality opinion). Additionally, as the Government noted, Flint juries are

4

drawn from citizens of urban, suburban and rural areas exposed to varying news markets and sources. (R. 46, Gov't's Resp., PgID 208). Thus, the Flint juror pool is sufficiently large to allow for a fair and impartial jury.

### B. The Nature and Content of Pretrial Publicity

Second, the nature and content of pretrial publicity weigh against a finding of presumptive prejudice. When examining this factor, the courts consider whether news reports contained a "confession or other blatantly prejudicial information." *Skilling*, 561 U.S. at 382. Here, Ftouhi has not made a confession nor has he demonstrated that news articles have reported clearly prejudicial information. In fact, Ftouhi relies on the mere existence of several news articles that report the facts of his alleged offense, and related local events that sought to honor the victim and other law enforcement. Thus, the nature and content of pretrial publicity are insufficient to warrant a change of venue.

### C. The Passage of Time between the Publicity and the Trial

Third, the passage of time also weighs against a finding of presumptive prejudice. Under this factor, the Court must consider whether "trial swiftly followed a widely reported crime." *Id*. at 383. Ftouhi's trial is scheduled to begin on November 5, 2018, over a year from the date of his alleged offense on June 21, 2017. Additionally, the large majority of news articles and local events related to the alleged offense occurred in 2017, with only a few articles published and a few local events

5

occurring in 2018. Thus, the time between the publicity and the trial is not too short to warrant a presumption of prejudice.

### D. Juror Questionnaire

Finally, the Court has already granted the use of a juror questionnaire in combination with voir dire. Also, the Court may take other measures to prevent juror predispositions and biases such as individual questioning of prospective jurors at sidebar, if necessary. Believing these safeguards to be sufficient to secure a fair and impartial jury, the Court finds no presumption of prejudice against the Defendant in this case.

### V. Conclusion

The Court therefore concludes there is no presumption of prejudice against the defendant, Amor M. Ftouhi, arising from pretrial publicity. Since no claim of actual prejudice has been raised, the Court does not need to discuss this issue.

Accordingly,

**IT IS ORDERED** that Defendant's motion to change venue pursuant to the Sixth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 21 is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 6, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 6, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>Case Manager