UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,                    Case No. l7-cr-20456

           Plaintiff,                       District Judge Linda V. Parker

v.                                           Mag. Judge Stephanie Dawkins Davis

AMOR M. FTOUHI,

           Defendant.

---

**UNITED STATES OF AMERICA'S OBJECTION TO DEFENDANT'S PROPOSED JUROR QUESTIONNAIRE**

---

In order to select an impartial jury in this case, the parties have agreed to use a juror questionnaire.  The government does not object to most of the questions in defendant's proposed questionnaire, but does object to questions regarding prospective jurors' gender, national origin and religion.  None of these questions will help the parties select an impartial jury and it is inappropriate to ask about gender, ethnic origin or religion in the jury questionnaire or during *voir dire*.

The purpose of a juror questionnaire is to aid the parties in selecting an impartial jury. Nothing about a prospective juror's gender, ethnic origin or religion has any bearing on whether they can follow the court's instructions and decide this case based on the evidence presented at trial.  There is no correlation between a person's gender, ethnic origin or religion and that person's ability to faithfully

1

discharge the duties of a juror.  Some men might be biased and some women might be biased.  Some men might be impartial and some women might be impartial. The same is true for people born outside the United States, or whose parents were born in another country, or who are atheists, or who chose to affiliate with a religion.  *See Georgia v. McCollum*, 505 U.S. 42, 59 (1992) ("In our heterogeneous society policy as well as constitutional considerations militate against the divisive assumption—as a per se rule—that justice in a court of law may turn upon the pigmentation of skin, the accident of birth, or the choice of religion.") quoting *Ristaino v. Ross*, 424 U.S. 589, 596, n. 8.

The government recognizes the importance of seating an unbiased jury and agrees that the juror questionnaire should include questions to ensure jurors are not biased against Mr. Ftouhi based on his ethnicity or religion.  For this reason, the government has agreed to specific questions on whether prospective jurors have negative prejudices against certain ethnic and religious groups, along with numerous other questions to help gauge prospective jurors' impartiality in general. Exhibit A lists ten questions to which the government has no objection such as "Is there any racial or ethnic group that you do not feel comfortable being around?"

But a prospective juror's own ethnicity or his or her own religious affiliation and beliefs have no impact on whether he or she can be impartial.  Exhibit B lists fifteen questions to which the government objects because they inappropriately ask

jurors to state their gender, ethnicity or religion.  For example, "What is your ethnic background?" and "In what country were your parents born?" inappropriately ask prospective jurors for information that the parties should not consider when selecting a jury.

In *Batson v. Kentucky*, the Supreme Court held that the Equal Protection Clause guarantees defendants "the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria."  *Batson*, 476 U.S., 79, 85-86 (1986).  The Equal Protection Clauses not only protect <u>defendants</u>' rights, but also the right of <u>prospective jurors</u> "not to be excluded from [a jury] on account of race."  *Powers v. Ohio*, 499 U.S. 400, 409 (1991).  *Batson* applies to preemptory challenges by the government and by criminal defendants, *McCollum,* 505 U.S. at 59, and *Batson* extends to challenges based on ethnic origin and gender.  *United States v. Martinez-Salazar*, 528 U.S. 304, 315 (2000) (emphasis added); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 143-44 (1994).

It is unclear whether *Batson* extends to religion.  In *United States v. Mahbub*, 818 F.3d 213, 225 (2016), the Sixth Circuit noted that the law was unsettled and declined to take a position.  In *Davis v. Minnesota*, 511 U.S. 1115 (1994) the Supreme Court denied a petition for certiorari in a case where the Minnesota Supreme Court declined to extend *Batson* to religion.

3

What is clear, is that questions regarding a person's religious beliefs are discriminatory and inappropriate.  In the order denying certiorari in *Davis v. Minnesota*, Justice Ginsburg wrote separately to approvingly quote the Minnesota Supreme Court's opinion that "Ordinarily …, inquiry on voir dire into a juror's religious affiliation and beliefs is irrelevant and prejudicial, and to ask such questions is improper. … [P]roper questioning ... should be limited to asking jurors if they knew of any reason why they could not sit, if they would have any difficulty in following the law as given by the court, or if they would have any difficulty in sitting in judgment." *Davis v. Minnesota*, 511 U.S. 1115 (1994) citing *State v. Davis*, 504 N.W.2d 767, 771-72 (Minn.1993).

It would be a *Batson* violation to exclude prospective jurors on the basis of race, national origin, or gender, so there is no reason to include such questions on the juror questionnaire.  The parties should not even consider those factors—or a prospective juror's religion—when selecting a jury.  Accordingly, the government asks the Court to exclude such questions from the juror questionnaire and from

4

voir dire.  The government is submitting a proposed jury questionnaire directly to chambers, which omits questions regarding the proposed jurors' gender, national origin and religion.

Respectfully submitted,

October 2, 2018

MATTHEW SCHNEIDER
United States Attorney

s/ Jules M. DePorre
JULES M. DePORRE (P73999)
Assistant U.S. Attorney
600 Church St.
Flint, MI 48502
(810) 766-5026
jules.deporre@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 2, 2018, I filed the foregoing *Objection to Defendant's Proposed Juror Questionnaire* using the Court's CM/ECF system, which will send notice to all registered parties.

<u>s/Jules DePorre</u>
Assistant U.S. Attorney

6