**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,               Case No. 17-cr-20456

      Plaintiff,                               Hon. Linda V. Parker

v.

AMOR M. FTOUHI,

      Defendant.

_____/

**DEFENDANT'S OBJECTION AND MOTION IN LIMINE
TO PRECLUDE THE GOVERNMENT'S USE AND ADMISSION
OF TESTIMONY BY DR. MATTHEW LEVITT AT TRIAL OR, IN THE
<u>ALTERNATIVE, FTO ADJOURN TRIAL</u>**

NOW COMES Defendant, AMOR M. FTOUHI, by and through counsel, Joan E. Morgan of the Federal Defender Office, moves pursuant to Fed. R. Evid. (hereinafter "FRE") 104(a), to request that this Court preclude the Government's use of testimony offered by Dr. Matthew Levitt or, in the alternative, to adjourn trial. Defendant's counsel states as follows in support of her motion:

1.    Mr. Ftouhi is charged by way of a three-count first superseding indictment with:  Count I., Violence at an International Airport, under 18 U.S.C. § 37(a)(1); Count II., Interference with Airport Security, under 49 U.S.C. § 46503; and Count III., Commission of an Act of Terrorism that Transcends National Boundaries,

under 18 U.S.C. §§ 2332b(a)(1), 2332b(a)(2), and 2332b(c)(1)(A).

2.      On September 17, 2018, the Government gave Defendant notice of its intent to offer expert testimony by Dr. Matthew Levitt, Ph.D.  The proffered reason for Dr. Levitt's testimony is to use "his expertise regarding decentralized terrorism, homegrown violent extremists, radicalization, and violent extremism, as well as his review of the discovery in this case."  Also, Dr. Levitt "will also discuss writings, recordings, and videos the defendant possessed [,]" including Mr. Ftouhi's oral and written statements. The government finally proffers that Dr. Levitt will testify about terms and the significance of the date on which the crimes charged in the Indictment were committed.

3.      Mr. Ftouhi moves to suppress Dr. Levitt's opinion testimony on three grounds. First, because the proposed testimony is character propensity evidence in violation of FRE 404(a), and does not fulfill the requirements for admission under FRE 404(b).  Second, even if the sought after testimony is deemed relevant and offered for a proper purpose, then it must be excluded under FRE 403 because of the availability of other evidence the Government intends to admit at trial.  Third, Mr. Ftouhi moves to suppress Dr. Levitt's testimony offered under FRE 702 because the information will not aid in the jury's understanding of the other evidence.

4.      In the alternative, defense counsel seeks an adjournment of trial to retain an expert to rebut Dr. Levitt's testimony. The defense believed that its

previously disclosed witnesses would be able to do this but it appears that they will not be permitted to testify, and one will be out of the country during trial.

5. Pursuant to Local Rule (LR) 7.1, undersigned counsel sought concurrence of the Government, which was not obtained.

6. The legal arguments in support this Motion are also contained in the attached Brief, incorporated herein by reference.

WHEREFORE, Defendant Ftouhi respectfully requests that this Honorable Court grant his Motion in Limine to Preclude Dr. Levitt's expert testimony, or in the alternative, grant him an evidentiary hearing as to the issues presented in his motion, or in the alternative, adjourn the trial to permit the defense to retain an expert to rebut Dr. Levitt's testimony..

Respectfully submitted,


s/ Joan E. Morgan
Attorney for Defendant
Federal Defender Office
111 East Court St., Ste. L-100
Flint, Michigan 48502
(810) 232-3600
joan_morgan@fd.org



Dated: October 11, 2018

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


UNITED STATES OF AMERICA,                 Case No. 17-cr-20456

      Plaintiff,                                  Hon. Linda V. Parker

v.

AMOR M. FTOUHI,

      Defendant.

_____/


**BRIEF IN SUPPORT**
**OF DEFENDANT'S MOTION IN LIMINE**
**TO PRECLUDE EXPERT TESTIMONY**


## I.    INTRODUCTION

Defendant Ftouhi moves to suppress the Government's intended use of expert testimony by Dr. Matthew Levitt for three reasons. First, the proffered testimony runs afoul of the character propensity bar of FRE 404(a), and does not fulfill the requirements for admission under FRE 404(b). Second, even if the sought after testimony is deemed relevant and offered for a proper purpose, then it must be excluded under FRE 403 because of the availability of other evidence the Government intends to admit at trial, and the probative value is substantially outweighed by its prejudice. Third, Mr. Ftouhi moves to suppress Dr. Levitt's

4

testimony under FRE 702 because the information will not aid the jury's understanding since it is information that is generally and commonly known.

## II.  <u>ARGUMENT</u>

**THE GOVERNMENT'S INTENT TO OFFER THROUGH EXPERT TESTIMONY USING UNCHARGED 'OTHER ACTS' EVIDENCE MUST BE EXCLUDED UNDER FRE 404 BECAUSE IT IS CHARACTER PROPENSITY EVIDENCE, AND DOES NOT SATISFY THE RULE'S REQUIREMENTS.**

FRE 404(a) states the general character propensity bar that, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."  The rationale behind the character propensity ban is that:

> "…it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice. *Michelson v. United States*, 335 U.S. 469, 476, 69 S.Ct. 213, 218–219, 93 L.Ed. 168 (1948). By limiting the admission of bad acts evidence, Rule 404(b) therefore helps secure the presumption of innocence and its corollary 'that a defendant must be tried for what he did, not for who he is.'" *United States v. Vance*, 871 F.2d 572, 575 (6th Cir. 1989).

Consequently, a district court may admit evidence of a defendant's "other bad acts or crimes" only if the evidence is probative of a relevant fact, and not offered to show the defendant's character propensity to commit the charged offense. *United States v. Mack*, 258 F.3d 548 (6th Cir. 2001).  Under FRE 404(b), the so-called mimic

rule, the evidence must be relevant for another purpose, such as establishing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

To be admissible under Rule 404(b), a three-part test must be satisfied: (1.) the district court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred, (2.) the court must make a determination as to whether the "other act" is offered for a proper purpose, and (3.) the court must determine whether the "other acts" evidence is more prejudicial than probative under Rule 403. *Mack*, 258 F.3d, at 553.  In determining whether the prior act occurred, the prior act evidence is admissible only if it is established by a preponderance of the evidence that the defendant committed the uncharged prior act. *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496 (1988).

Here, Mr. Ftouhi argues that the proffered expert testimony would constitute a personality profile concerning his character, which is precluded by the character propensity bar of FRE 404(a).  In keeping with the propensity bar of FRE 404(a), "[c]ourts have condemned the use of profiles as substantive evidence of guilt." *United States v. Baldwin*, 418 F.3d 575, 581 (6th Cir. 2005) (quoting *United States v. Long*, 328 F.3d 655, 666 (D.C. Cir. 2003) (citations omitted)).  By admitting Dr. Levitt's opinion testimony, the Government is seeking to establish that Mr. Ftouhi's oral and written statements, which include references to Usama bin Laden, as well

as jihadist reading materials, recordings, and videos of other individuals on electronic devices possessed by Mr. Ftouhi, constitute evidence that he committed an act of terrorism.

Whether profile evidence is admissible depends upon the purpose for which it is introduced. *Id*. Profile evidence is admissible when it is offered "to demonstrate why the defendant was stopped for investigation, to rebut inferences raised by the defendant's testimony, or to show modus operandi." *Baldwin*, *supra* (quoting *United States v. Ward*, 134 F.3d 373, 1998 WL 45491 at *5 (6th Cir. 1998) (unpublished) (citations omitted)). In this case, assuming the Government establishes by a preponderance of the evidence that Mr. Ftouhi downloaded and viewed jihadist material, then Dr. Levitt's profiling testimony may be relevant to argue Mr. Ftouhi was motivated to advance the common goals of other individuals engaged in jihad. *Huddleston*, 485 U.S. 681.

Nonetheless, Mr. Ftouhi argues the Government is not offering Dr. Levitt's testimony for a proper purpose. But, if the Court does admit the other acts evidence for the limited purposes of either motive, intent, or plan, and gives a limiting instruction to not use the uncharged acts as propensity evidence, then the jury would still use it in a prohibited way as character propensity evidence. See, *Shepard v. United States*, 290 U.S. 96, 104, 54 S.Ct. 22, 78 L.Ed. 196 (1933) (J. Cardozo) (As a result, because "[t]he reverberating clang of those accusatory words would drown

7

out all weaker sounds [and] the risk of confusion is so great as to upset the balance

of advantage, the evidence goes out."). Therefore, even if this Court were to find

the profiling evidence has been offered for a proper purpose under 404(b), the risk

of unfair prejudice in admitting Dr. Levitt's opinions substantially outweighs its

limited probative value.

### III.  ARGUMENT

**THE 'OTHER ACTS' EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICE UNDER FRE 403 AND MUST BE EXCLUDED, BECAUSE WHAT MINIMAL PROBATIVE VALUE THE EVIDENCE MAY ESTABLISH IS COUNTERBALANCED BY THE GOVERNMENT'S LACK OF NEED, AFTER CONSIDERING THE AVAILABILITY OF OTHER MEANS OF EVIDENCE IT WILL ADMIT AT TRIAL.**

Should this Court find the expert testimony regarding the uncharged prior acts

by Mr. Ftouhi are relevant and offered for a proper purpose, then the next step in the

analysis is the 403 balancing test. *Mack*, 258 F.3d, at 553; *United States v. Stout*, 509

F.d 796 (6th Cir. 2007).  The Sixth Circuit has recognized that, in limited

circumstances, uncharged prior acts evidence can have an unduly prejudicial nature

that may require exclusion when balancing its probative value against the

government's need for the evidence. *Stout*, *supra.*  In *Stout*, the Sixth Circuit

affirmed the district court's ruling suppressing 404(b) evidence and found that the

lower court had properly considered the government's availability of other means of

proof. *Id.*  In doing so, the Sixth Circuit stated:

8

"While it is true that the government's need for the evidence should be weighed along with its probative value to determine whether it should be admitted under Rule 403, the need for the evidence does not make the evidence more likely to prove that which it is offered to prove. Probative value and need for the evidence are separate considerations that weigh in favor of admission under the Rule 403 balancing test. *See* Fed. R. Evid. 403 advisory committee's note (stating that the rule involves "balancing the probative value of *and* need for the evidence against the harm likely to result from its admission") (emphasis added)." *Stout*, 509 F.3d, at 800; *See also*, FRE 404(b), Adv. Comm. Notes ("The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence *in view of the availability of other means of proof* and other facts appropriate for making decisions of this kind under Rule 403."). (*emphasis added*)

Here, Mr. Ftouhi argues the Government lacks a legitimate need to admit expert testimony concerning his uncharged prior acts when the availability of other evidence that the Government intends to admit at trial is considered. At trial, the Government intends to offer evidence of GPS tracking of Mr. Ftouhi going to various stores days prior to the incident, in search of a weapon. Moreover, Mr. Ftouhi was in a crowded public airport, with several eyewitnesses who were present and saw him commit the act, he was arrested during its commission, and have been called by the Government to give witness testimony. And following his arrest, Mr. Ftouhi made statements to law enforcement as to why he committed the act.

Additionally, airport surveillance will be admitted of Mr. Ftouhi being present at the location one day prior to the incident. Also, Canadian officials will testify that, pursuant to their search of his home in Canada, they recovered Mr. Ftouhi's last will and testament, which will be offered by the Government as evidence of his intent

9

to commit jihad.  Finally, the Government will admit the contents of digital devices possessed by Mr. Ftouhi, as well as reading materials, recordings, and videos of other individuals with jihadist views.

As a result, Dr. Levitt's testimony regarding Mr. Ftouhi's uncharged prior acts is cumulative in view of the Government's other available proofs which it intends to offer at trial.  Dr. Levitt's proposed testimony is unduly prejudicial and substantially outweighs the minimal probative value to be gained by the expert's opinion of Mr. Ftouhi's conduct.  Even if this Honorable Court were to grant Mr. Ftouhi's motion, the other aforementioned evidence will be admitted at trial.  The Government would still be able to argue to the jury that Mr. Ftouhi intended to commit an act of terrorism, a jihad, by attacking the victim, J.N., with a weapon at the Bishop International Airport.  Similarly, the Government would still be able to argue Mr. Ftouhi was influenced by other individuals professing their radical and extremist views of Islam because of the videos and images which were found on his electronic devices.  In sum, the only disadvantage to the Government would be the elimination of Dr. Levitt's interpretation of the evidence which is offered under the guise of an opinion testimony.

## IV.   ARGUMENT

**DR. LEVITT'S TESTIMONY OFFERED UNDER FRE 702 IS NOT RELEVANT AND MUST BE EXCLUDED, BECAUSE THE INFORMATION IS WITHIN THE AVERAGE JUROR'S ABILITY TO UNDERSTAND THE SUBJECT MATTER, WHICH RENDERS THE EXPERT OPINION UNNECESSARY.**

Under Rule 702, a three-part test must be satisfied for the expert testimony to be admissible: (1.) the witness must be qualified by virtue of his knowledge, training, skill, or experience, (2.) the testimony must be relevant, "meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact in issue[,]'" and (3.) the testimony must be reliable. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting FRE 702).   The Sixth Circuit has framed the second prong's relevancy requirement as:

> "'whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.' Fed. R. Evid. 702, Adv. Comm. Notes (quoting Mason Ladd, *Expert Testimony*, 5 Vand. L. Rev. 414, 418 (1952)). Accordingly, '[a] district court may commit manifest error by admitting expert testimony where the evidence impermissibly mirrors the testimony offered by fact witnesses, or the subject matter of the expert's testimony is not beyond the ken of the average juror.' *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir.), *cert. denied*, 513 U.S. 932, 115 S.Ct. 326, 130 L.Ed.2d 286 (1994)." *United States v. Rios*, 803 F.3d 403, 413 (6th Cir. 2016).

Here, the concepts to be introduced at trial will include among others the following terms: "infidel," "jihad," "martyrdom," and "mujahadeen."   But, these

11

terms have permeated the English lexicon and American culture for the past 20 years, beginning with the September 11, 2001, attack on the World Trade Center in New York City.  More recently, the American public has been bombarded everyday with these topics since the United States 2016 Presidential Election.   The duration of the War in Afghanistan has now exceeded the length of the War in Vietnam. Expert testimony is unnecessary for jurors to understand these terms.

## V.     IN THE ALTERNATIVE, AN ADJOURNMENT SHOULD BE ORDERED TO PERMIT THE DEFENSE TO RETAIN AN EXPERT

If the above arguments do not persuade the Court that Dr, Levitt should not be permitted to testify, Mr. Ftouhi requests that the trial be adjourned. This will permit defense counsel to retain an expert to rebut Dr. Levitt;s testimony. The government disclosed its intention to call him less than one month ago, and witness lists were not exchanged until October 5, 2018.

Defense counsel believed that the testimony if its witness, Dr. William Nixon, would be sufficient to respond to Dr. Levitt's testimony. But yesterday the government filed a motion to preclude Nixon's testimony (or, in alternative, to adjourn trial to permit it to obtain a mental health evaluation of Mr. Ftouhi). Assuming Dr. Nixon does not testify, the defense is left without a witness to rebut Dr. Levitt as its other expert, Dr. Marc Sageman, will be out of the country at the time of trial.

12

## RELIEF REQUESTED

In conclusion, Mr. Ftouhi  requests that this Court grant his Motion in Limine to Preclude Dr. Levitt's opinion testimony, or in the alternative, grant him an evidentiary hearing as to the issues presented in his motion, or in the alternative, adjourn trial.

Respectfully submitted,


s/ Joan E. Morgan
Attorney for Defendant
Federal Defender Office
111 East Court St., Ste. L-100
Flint, Michigan 48502
(810) 232-3600


## CERTIFICATE OF SERVICE

I certify that on October 11, 2018, I filed the foregoing document using the ECF system, which will send notification of the filing to opposing counsel of record.

s/ Joan Ellerbusch Morgan


13